**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2053-17T1

IN THE MATTER OF THE
ESTATE OF IRVING WAYNE
LIPPINCOTT, Deceased.

Submitted December 12, 2018 - Decided January 25, 2019

Before Judges Accurso, Vernoia and Moynihan.

On appeal from Superior Court of New Jersey, Chancery Division, Burlington County, Docket No. 2016-0275.

Duane Morris LLP, attorneys for appellants/cross-respondents Todd Lippincott, Heather Malave, John Juliana, Shane Lippincott, Todd and Tracey Lippincott (as parents and legal guardians of their minor children), Heather and Anthony Malave (as legal guardians) (Christopher L. Soriano, Trevor H. Taniguchi and Samantha L. Haggerty, on the briefs).

Obermayer Rebmann Maxwell & Hippel LLP, attorneys for respondent/cross-appellant Anne Lippincott (Steven A. Haber and Barbara E. Little, on the briefs).

Obermayer Rebmann Maxwell & Hippel LLP, attorneys for respondent Jennifer Teisen (Steven A. Haber and Barbara E. Little, on the brief).

PER CURIAM

This is an appeal solely about counsel fees.[1] Upon the death of Wayne Lippincott on December 23, 2015, his will dated two days before, leaving his entire estate to his wife of twenty-eight years, Anne Lippincott, was admitted to probate. Wayne and Anne's marriage was a second one for both, and they had no children together. Following the death of Wayne's first wife in 1985 and Wayne and Anne's marriage two years later, however, they raised the three young children each had as one family. Wayne, however, had become estranged from his children as adults, and they blamed some of that distance on Anne.

Wayne's two surviving children and several grandchildren challenged the will, arguing forgery, undue influence, lack of testamentary capacity and failure to comply with legal formalities of execution. Following an eleven-day trial, Judge Hogan vacated the probate of the 2015 will and ordered Wayne's 2000 will, which also favored Anne, admitted to probate. He further ordered that each

---

[1] Although plaintiffs also argue the court erred in failing to find undue influence, that argument too is all about the fees. Plaintiffs have already achieved the relief they sought in having the court set aside the 2015 will. A finding of undue influence, although not necessary to achieve the relief plaintiffs obtained, would ordinarily result in a fee award in their favor. See In re Estate of Vayda, 184 N.J. 115, 123 n.4 (2005). Defendants' additional argument that the court erred in finding Wayne lacked the testamentary capacity to make the 2015 will is likely also about the fees. A finding upholding the 2015 will would not ultimately effect a great change in what Anne receives from the estate because, as the judge noted, Wayne's intent in drafting the 2000 will was to preserve assets for her. It would, however, almost invariably result in a fee award in her favor. See In re Peppler's Will, 134 N.J. Eq. 160, 161 (E. & A. 1943).

party would be responsible for his or her own attorney's fees. Both sides appeal the denial of fees.

In a meticulously detailed fifty-four page written opinion, Judge Hogan explained that Wayne had discussed a new will on and off during the three years preceding his death with the attorney who represented Wayne and his business partner in connection with their civil engineering firm. Although the attorney was eventually engaged to draft the will, nothing was ever finalized, as Wayne never settled on certain specific bequests, even as he became aware his health was failing. When Wayne's business partner and his wife, both old friends of the couple, returned to New Jersey in December 2015 after a lengthy trip, they urged Anne to have Wayne execute his will immediately, and Anne agreed. Wayne's partner called the lawyer on December 21, advised him of Wayne's condition and directed him to draft the will. The lawyer followed up with Anne and, at 5:44 p.m. emailed her drafts of a will, prepared that day, and an advance directive, previously prepared but not signed.[2] Anne had Wayne sign the will immediately upon receipt, witnessed by Wayne's business partner and his wife.

Judge Hogan found that by the time Wayne's partner and his wife visited on December 21, Wayne had lost the ability to communicate and lacked the

---

[2] Wayne had endorsed the entry of a "do not resuscitate" order, which Anne opposed.

A-2053-17T1

testamentary capacity to execute the will. Further, the judge found that although Wayne "expressed to his lawyer a desire to leave his estate to his wife" in the months before his death, he never directed the lawyer to actually prepare a will. The judge found the provisions of the will the lawyer drafted "were solely what [the lawyer] believed Wayne intended, and that Wayne had no say or input into its contents or even into the decision to have such a [w]ill prepared." The judge further found the will was not properly executed or witnessed.

Critically, however, Judge Hogan did not find Anne's acts badly motivated. The judge found Anne was in denial over her husband's imminent death, and had only acted on Wayne's friend and business partner's advice to have him execute his will. The judge believed Anne's testimony that she did not read the will the lawyer prepared before having Wayne sign it and did not know the contents of his earlier will, although aware it existed. The judge did not find Wayne's signature was forged and found "no evidence of undue influence on the part of Anne over her husband to disinherit his children." In a nutshell, the judge concluded "while Wayne did not have the appropriate capacity and testamentary intent, neither did Anne have the unconscionable intent to take advantage of her husband's condition for her benefit."

Although acknowledging the "entire dispute could have been avoided . . . had more thought been given by Anne, [Wayne's business partner and his wife],

4

and the attorney to the bad idea of securing the preparation and execution of a [w]ill under the circumstances described," Judge Hogan found plaintiffs' success in setting aside the 2015 will "a hollow victory of sorts in that the already significantly depleted estate may offer them very little if anything by way of inheritance under the 2000 [w]ill."  In the 2000 will, Wayne left half his estate outright to Anne with the other half in trust for her, with what remained at her death to be distributed to Wayne's children and Anne's children in equal shares.

Noting the very real possibility that the estate would become insolvent in the event a significant attorney fee award was entered against it, the judge found:

> Such an outcome would therefore defeat Wayne's testamentary intent to leave a substantial part of his estate to Anne under the 2000 [w]ill, which ironically is the very intent plaintiffs claim to be upholding.  This highly unusual, factually driven case, drawn from the evidence and testimony, demonstrated no intentional inappropriate conduct on Anne's part.  The court finds no reasonable cause to award plaintiffs counsel fees.

The judge likewise found no basis to award Anne or her daughter fees, rejecting their claim that "plaintiffs made an improper, illegal and perverted use of the legal procedure."[3]  Instead he found:

> The totality of circumstances of this case are tragic, with considerable mistrust and suspicion on both sides that exacerbated this dispute.  This mistrust and

---

[3]  Anne's daughter, the alternate executrix under the 2015 will, was named as a defendant but dismissed at the close of plaintiffs' case.

suspicion is a hallmark of intra-family litigation. The court finds there is no factual basis to support a shifting of fees and that the "American rule" concerning fees should prevail.

We affirm, substantially for the reasons expressed by Judge Hogan in his thoughtful and thorough written opinion. Having reviewed the record, it is plain Judge Hogan's factual findings are well-supported by the evidence, most of which was testimonial, and thus are binding on this appeal. See In re Trust Created By Agreement Dated Dec. 20, 1961, ex rel. Johnson, 194 N.J. 276, 284 (2008) (quoting Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 484 (1974)). The probate judge's decision as to whether to award attorney's fees is a matter committed to his sound discretion, In re Will of Landsman, 319 N.J. Super. 252, 271 (App. Div. 1999), which "will be disturbed only on the rarest of occasions, and then only because of a clear abuse of discretion," Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 444 (2001).

This is not one of those rare occasions when we question a fee award. To the contrary, Judge Hogan's decision that all parties should bear their own fees honors Wayne's intent to preserve assets for Anne, yet acknowledges her role in hastily procuring a will and having Wayne execute it at a point where his disease had robbed him of the capacity to understand it, as well as plaintiffs' decision to pursue costly litigation in which the best they could hope for was a Pyrrhic

victory.  The parties' arguments to the contrary are without sufficient merit to discuss in a written opinion.  See R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2053-17T1